

# LOAN MODIFICATION AGREEMENT

Borrower ("I")[1]: Dmitry Kozlov, Tanya Petrosova
Lender ("Lender"): JPMorgan Chase Bank, N.A.
Loan Number: 83387084
Property Address ("Property"):
　751 Magee Ave
　Philadelphia, PA 19111

If my representations in Section 1 continue to be true in all material respects then the provisions of Section 2 of this Loan Modification Agreement ("Agreement") will, as set forth in Section 2, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as may previously have been modified or amended, are referred to as the "Loan Documents."

I acknowledge and agree that this Agreement will not take effect until I have returned any required documents requested by Lender, and the Lender has signed a counterpart of this Agreement and returns a copy to me. Until this Agreement is in effect, the terms of the Loan Documents, and any rights and obligations of the parties arising thereunder, remain unchanged and in effect. I further acknowledge and agree that Lender may refuse to accept this Agreement for any reason in its sole discretion.

1. My Representations. I represent to the Lender and agree:
   A. My account is currently due for January 1, 2011.
   B. Assuming I make all prior minimum payments that are due, as of the Modification Effective Date I will owe the total amount of $147,877.64 which is unpaid principal (the "Principal Balance").
   C. The current Maturity Date is June 1, 2034.
   D. The Property is neither in a state of disrepair, nor condemned;
   E. There has been no change in the ownership of the Property since I signed the Loan Documents;
   F. I am not a party to any litigation involving the Loan Documents;
   G. All documents and information I provide pursuant to this Agreement are true and correct.

2. The Modification. If I comply with the terms of this Agreement, and once this Agreement is accepted by Lender the Loan Documents will be modified as of February 1, 2011 (the "Modification Effective Date") as follows:
   A. The Maturity Date will be June 1, 2035 (the "Modification Maturity Date").
   B. The Principal Balance of my Note on the Modification Effective Date will remain unchanged in the amount of $147,877.64.
   C. The modified interest rate of 4.000% will begin to accrue on the Principal Balance as of February 1, 2011. The first monthly principal and interest payment of $793.04 on the Principal Balance will be due on March 1, 2011 and on the same date each month thereafter until the Modification Maturity Date.
   D. I will be in default if I do not (1) pay the full amount of a monthly payment on the date it is due, or (2) comply with the terms of the Loan Documents, as modified by this Agreement.

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document, words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

122110    13140-MOD


3 + 45 + 83387084 + 3 + 50

00000892

E. I agree to pay in full any other amounts still owed under the Loan Documents by the earliest of the date I sell or transfer an interest in the Property, subject to Section 3.I below, or the Modification Maturity Date.

F. The above terms in Section 2 shall supersede any provisions to the contrary in the Loan Documents, including but not limited to provisions for any adjustable or step Interest Rate.

3. Additional Agreements. I agree to the following:

  A. That all persons who signed the Loan Documents have signed this Agreement.

  B. That this Agreement shall supersede the terms of any modification, forbearance, or workout plan, if any, that I previously entered into with the Lender.

  C. To comply with all covenants, agreements, and requirements of the Loan Documents, except to the extent that they are modified by this Agreement, including my agreement to make all payments of taxes, insurance premiums, assessments, impounds, and all other payments, the amount of which may change periodically over the term of my loan. This Agreement does not waive future escrow requirements. If the Loan includes escrows for collection of tax and insurance premiums, this collection will continue for the life of the Loan.

  D. That I have no right of set-off or counterclaim, or any defense to the obligations under the Loan Documents.

  E. To the extent this Agreement provides for the forgiveness of a portion of the principal balance of the Loan, I agree that I am responsible for any taxes imposed on account of such forgiveness.

  F. Lender may report this Agreement and the terms hereof, including any principal forgiveness, to the credit bureaus. I acknowledge this may have an adverse impact to my credit report depending on how the credit bureaus use this information.

  G. That the Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

  H. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.

  I. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

  J. That, as of the Modification Effective Date; a buyer or transferee of the Property will not be permitted, under any circumstance, to assume the loan. In any event, this Agreement may not be assigned to, or assumed by, a buyer of the Property.

  K. If any document is lost, misplaced, misstated, or inaccurately reflects the true and correct terms and conditions of the Loan Documents as amended by this Agreement, within 10 days after my receipt of the Lender's request, I will execute, acknowledge, initial, and deliver to the Lender any documentation the Lender deems necessary to replace or correct the lost, misplaced, misstated or inaccurate document(s). If I fail to do so, I will be liable for any and all loss or damage which the Lender

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document, words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

122110    13140-MOD



00000892

    reasonably sustains as a result of my failure, including reasonable costs and attorney's fees incurred in enforcing this provision. This Agreement may be executed in multiple counterparts.

L. All payment amounts and loan balances specified in this Agreement assume that payments due on or before the Modification Effective Date will be made as scheduled. Any additional principal payments made prior to the Modification Effective Date will be applied to reduce the Principal Balance prior to the modification, but will not reduce the amount of the new monthly principal and interest payment.

M. If the Borrower(s) received a discharge in a Chapter 7 bankruptcy subsequent to the execution of the Loan Documents, the Lender agrees that such Borrower(s) will not have personal liability on the debt pursuant to this Agreement.

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

In Witness Whereof, the Lender and I have executed this Agreement.

JPMorgan Chase Bank N.A.

By: _____

Date _____

Dmitry Kozlov     Date

(_____) _____-_____
Borrower Phone Number

Best time to reach me at this phone number

Tanya Petrosova     Date

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document, words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

122110    13140-MOD

3 + 45 + 83387084 + 3 + 50

00000892